**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARLETTE CAMPOS, individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>-vs-<br><br>TJX Companies, Inc.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No. 1:24-cv-11067-ADB<br><br>**DEFENDANT'S SECOND NOTICE OF SUBSEQUENTLY DECIDED AUTHORITY** |

Defendant TJX Companies, Inc. ("TJX") provides this Second Notice of Subsequently Decided Authority to supplement the following sections of its Reply to Plaintiff's Opposition to TJX's Motion to Dismiss (Doc. 19). Specifically, TJX notes the release of *D'Hedouville v. H&M Fashion USA, Inc.*, Case No. C20243386, Arizona Superior Court, Pima County, Arizona, released on October 11, 2024, and after the close of the briefing period for TJX's Motion to Dismiss. TJX supplements as follows:

- Reply at Section II, pp. 2 - 9: *Id.* at *4-5 (holding that the plaintiff lacked standing and failed to identify any concrete harm or injury from use of an alleged email pixel).
- Reply at Section III.A.i., pg. 10:

> The Court will additionally note that the legislative history of [Arizona Act] supports this reading. … This initial focus on telephone records was expanded to include "communication service records" and "public utility records." … [N]o Arizona court has interpreted "communication service record" to include the information gleaned from a tracking pixel.

*Id.* at *3-4.

- Reply at Section III.A.ii. - iii., pp. 10-15:

> H&M is not a communication service provider. The conduct at issue in this action is H&M's sending of marketing emails and collecting information from the tracking pixel. H&M is not engaged in providing a service that allow its users to send or

> receive communications. This definition of communication service provider as stated in the [Arizona ECA] should be read in harmony with the definitions in [Arizona Act] because the statutes are of a related subject and define "communication service record" with identical descriptions.

*Id.* at *2-3.

- Reply at Section III.B., pp. 15-16:

> The Court concludes that the information at issue here—when and how an email was opened, how long it was opened, what device was used, the associated IP address of the recipient, and whether it was forwarded—is not a "communication service record" or a type of "access log" protected by [Arizona Act]. The Court does not accept Plaintiff's expansive interpretation of the statute.

*Id.* at *4.

A copy of the decision is attached as "Exhibit A."

Dated: October 14, 2024

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By: */s/ Stephanie Sheridan*
Stephanie Sheridan, (CA 135910)
Meegan B. Brooks (CA 298570)
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com
[*Pro Hac Vice*]

*/s/ David M. Krueger*
David M. Krueger (OH 0085072)
127 Public Sq., Ste. 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
dkrueger@beneschlaw.com
*[Pro Hac Vice*]

*/s/ Dan Sonneborn*
Dan Sonneborn (BBO# 679229)
DSonneborn@preti.com
Preti Flaherty Beliveau & Pachios LLP
60 State Street, Suite 1100
Boston, MA 02109
Tel. (617) 226-3800

*Attorneys for Defendant TJX Companies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated: October 14, 2024

*By: /s/ David M. Krueger*
David M. Krueger