**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARLETTE CAMPOS, individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>-vs-<br><br>TJX Companies, Inc.,<br><br>Defendant. | Case No. 1:24-cv-11067-ADB |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this response to Defendant's notice of supplemental authority, which cites *D'Hedouville v. H&M Fashion USA, Inc.*, Case No. C20243386, (Ariz. Super. Ct. Pima Cnty. Oct. 11, 2024) (ECF No. 21-1). For the reasons stated below, the *H&M* decision is unpersuasive and should not be followed.

As a federal court sitting in diversity, this Court is required to predict how the state's highest court would rule if it were making the determination. *Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1151 (1st Cir. 1996) ("In its barest essence, borrowing state law demands nothing more than interpreting and applying the rules of substantive law enunciated by the state's highest judicial authority, or, on questions to which that tribunal has not responded, making an informed prophecy of what the court would do in the same situation."). A single decision from a lower-level state court is not binding. *See Patterson v. Novartis Pharms. Corp.*, 909 F. Supp. 2d 116, 121 (D.R.I. 2012) ("Where questions of first impression are involved, a federal court can assume that the state's highest court would adopt a view which seems best supported by 'the force of

logic and better-reasoned authorities.'") (quoting *Ryan v. Royal Insurance Co. of America*, 916 F.2d 731, 739 (1st Cir.1990)). In this case, it is not even persuasive.

The *H&M* case cited by Defendant is unpersuasive because of its glaring deficiencies. First, the decision held that that the plaintiff failed to state a claim because "H&M is not a communication service provider." ECF No. 21-1 at 3. The decision then goes on to adopt the "definition of communication service provider as stated in the Eavesdropping and Communications Act." *Id.* But this holding presupposed a nonexistent requirement: nothing in the TUSCRA ever required the defendant to be a "communication service provider" to begin with. Those words are never once mentioned. The decision adopted this requirement from the Eavesdropping and Communications Act "because the statutes are of a related subject and define 'communication service record' with identical descriptions." *Id.* But the court got it completely backwards. The fact that the legislature incorporated the term into one statute but not the other is further proof of its intent for no such requirement to apply. *See State v. Harm*, 236 Ariz. 402, 407 n.4 (Ct. App. 2015) ("That the legislature has used these similar but different phrases in other sections of the Criminal Code is further evidence it understood and intended a distinction between the phrases.").

Moreover, reading into the act an implied requirement for an entity to be a "communication service provider" in order to have liability makes no sense. How could a law criminalize a communication service provider from "procur[ing]" the "communication service record" that the provider itself generated? The law is plainly geared towards preventing others from accessing this information. Defendant's interpretation is illogical and would render the entire act meaningless.

Next, the decision held that although the "tracking pixel may collect information about when an email was accessed, that type of information is not protected by the act because 'access

log,' in context, is logically read as a log of when a customer used a communications service." *Id.* This also makes no sense. Email is a communications service, as precisely defined in the act. *See* A.R.S. § 44-1376(1) (stating that "electronic mail" is a "communication service"). Therefore a log of access of an email is a communication service record. Moreover, the decision did not address the fact that the spy pixels reveal "records of the path of an electronic communication between the point of origin and the point of delivery," as explained in Plaintiff's briefing on the motion to dismiss. Pl.'s Opp'n to Motion to Dismiss, at 13 (ECF No. 18).

The decision also muses that "Plaintiff has not alleged that he is a customer of H&M because he does not claim that he has purchased any item from H&M. Even if he had, it would not change the outcome because the act contemplates a customer, or subscriber, or a communication service." ECF No. 21-1 at 4. This passage in the decision is the most perplexing of all. The decision correctly read that the word "customer" applied to the communication service (the plaintiff's email client) but then complained about the admittedly irrelevant fact that he had not alleged he was a client of the defendant. Needless to say, both that plaintiff, and the one in this case, are necessarily customers of their email providers.

The decision next discusses legislative history but completely disregards the fact that the act was explicitly amended to apply to this precise scenario, as we explained in Plaintiff's motion to dismiss opposition. *See* Pl.'s Opp'n to Motion to Dismiss at 11-12, 15 (ECF No. 18).

Finally, Defendant's citations to state court decisions on standing are irrelevant since they incorporate a different standard. Notably, the *H&M* decision did not even come close on this one either, as Arizona's courts have made clear that no requirement of concrete injury is needed. *Welch v. Cochise Cnty. Bd. of Supervisors*, 251 Ariz. 519, 523 (2021) ("The Arizona Constitution omits

a "case or controversy" requirement akin to the one contained in its federal counterpart.").

Dated: October 28, 2024

Respectfully submitted,

**SMITH KRIVOSHEY, P.C.**

By: */s/ Joel D. Smith*
Joel D. Smith

Joel D. Smith (BBO 712418)
867 Boylston Street, 5th Floor #1520
Boston, MA 02116
Telephone: (617) 377-7404
Email: joel@skclassactions.com

**BURSOR & FISHER, P.A.**
Yitzchak Kopel
Israel Rosenberg
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com
irosenberg@bursor.com

*Attorneys for Plaintiff*

## LOCAL RULE 5.2(b) CERTIFICATE OF SERVICE

I, Joel D. Smith, certify that a copy of the foregoing document, filed through CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 28, 2024.

*s/ Joel D. Smith*
Joel D. Smith